UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOMESALES, INC., | No. C-12-1659 EMC |
| Plaintiff, | |
| v. | **ORDER GRANTING PLAINTIFF'S MOTION TO REMAND** |
| DAWN AMORA, *et al.*, | **(Docket No. 10)** |
| Defendants. | |

Plaintiff Homesales, Inc. filed an unlawful detainer action in state court against Defendants Dawn Amora and Carlos Mora on January 17, 2012. Docket No. 1. Defendants removed the case to federal court on April 3, 2012, asserting both diversity and federal question jurisdiction. *Id.* Plaintiff has now filed a motion to remand for lack of jurisdiction. For the reasons set forth below, the Court **GRANTS** the motion. The June 11, 2012 hearing is **VACATED**.

First, there is no diversity jurisdiction in this matter so as to support removal. Although Defendants allege Plaintiff is a Delaware corporation with its principal place of business in New Jersey, Notice of Removal ¶ 8, Defendants cannot remove to federal court because they are California citizens and the state court action began in California. *See* 28 U.S.C. § 1441(b)(2) ("A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."); *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005). In addition, the amount in controversy does not exceed $75,000, as required for diversity jurisdiction, because Plaintiff seeks less than $10,000 in total damages and requests only $50 per day

in damages since January 1, 2012.  *See Aurora Loan Services LLC v. Tunales*, C-11-2084 EMC, 2011 WL 2516523, at *1 (N.D. Cal. June 23, 2011) (so holding with respect to identical factual scenario).

Second, the Court finds that there is no federal question jurisdiction.  Plaintiff's complaint raises only one claim for unlawful detainer, which arises under state law.  "To the extent [Defendants] suggest[] in [their] notice of removal that [Homesales] has violated [their] constitutional rights (and thus [they have] a claim against [Homesales]), the existence of federal question jurisdiction depends solely on the *plaintiff's* claims for relief and not on anticipated defenses to those claims or on any counterclaims asserted by the defendant."  *Id.* (emphasis in original) (citing *Holmes Group, Inc. v. Vornado Air Circulation Sys.*, 535 U.S. 826, 830–32 (2002); *ARCO Envtl. Remediation, L.L.C. v. Department of Health & Envtl. Quality of St. of Mont.*, 213 F.3d 1108, 1113 (9th Cir. 2000)).

Accordingly, the Court **GRANTS** Plaintiff's motion to remand.  The case is remanded to the state court from which it was removed, and the Clerk of the Court shall close the file in this case.

This Order disposes of Docket No. 10.

IT IS SO ORDERED.

Dated: June 5, 2012

_____
EDWARD M. CHEN
United States District Judge